## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ERVIE T. MATTHEWS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil No. Action No.** |
| | § | **3:05-CV-1190-K** |
| **JO ANNE B. BARNHART,** | § | |
| **Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and a standing Order of the District Court, this Social Security Appeal has been referred to the United States Magistrate Judge. Defendant Commissioner of Social Security's ("Commissioner") Motion to Dismiss, filed July 27, 2005, is before the Court for recommendation. For the reasons that follow, the Court recommends that the motion to dismiss be GRANTED and that the case be DISMISSED with prejudice for lack of subject matter jurisdiction.

## I.    PROCEDURAL HISTORY

On June 10, 2005, Plaintiff Ervie T. Matthews ("Plaintiff") filed a Complaint seeking judicial review of his claim that the Commissioner collected too much money from him with respect to an overpayment of benefits that Plaintiff erroneously received while he was incarcerated. (Compl. at 1, Tr. at 9-10.) The Commissioner filed a Motion to Dismiss Plaintiff's Complaint on July 27, 2005. Plaintiff filed a response to the Motion to Dismiss on August 16, 2005. The Commissioner then

filed a reply and provided the pertinent parts of the administrative record.[1]

The Commissioner contends that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.  Plaintiff contends that judicial review should be granted because he was in the hospital at the time his hearing before the Administrative Law Judge ("ALJ") was scheduled and reconsideration "was denied time after time."  (Pl.'s Resp.)  The Court has reviewed the arguments of the parties in connection with the pleadings and the record.

## II.   <u>ANALYSIS</u>

The statute which allows judicial review of the Commissioner's decisions provides in pertinent part:

> Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. § 422.210;  *Brandyburg v. Sullivan,* 959 F.2d 555, 558 (5th Cir.1992).  The statute does not define the term "final decision;" rather it leaves the meaning of the term to the Commissioner to explain by regulation.  *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975).  The applicable regulation provides that a claimant must complete a four step process to obtain a final decision and qualify for judicial review.  The Commissioner's explanation of the process to the claimant is as follows:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § § 404.902, that gives you a right to further review.

> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

---

[1]  The Court will refer to the administrative record as "Tr." and designate the certification page as page one.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council Review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) Federal Court Review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in Federal District Court.

20 C.F.R. § 404.900(a). An ALJ may dismiss a request for a hearing at step three of the process if the claimant does not appear at the hearing, and the ALJ does not find "good cause" for his failure to appear. *See* 20 C.F.R. § 404.957(b)(1). "In determining good cause or good reason" the ALJ "will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which [an applicant] may have." 20 C.F.R. § 404.957(b)(2).

The purposes of administrative exhaustion include: "(1) to avoid premature interruption of the administrative process; (2) to allow the agency to develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging parties to ignore its procedures." *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 n. 5 (5th Cir. 1999) (citing *McKart v. United States*, 395 U.S. 185, 193-95 (1969)).[2]

---

[2] Although the need for exhaustion of administrative remedies has been well established, the United States Supreme Court has recognized that courts may excuse a claimant from exhausting his administrative remedies "in certain special cases." *Heckler v. Ringer*, 466 U.S. 602, 618 (1984). "Certain special cases" include claims that are "wholly 'collateral' to [a] claim

An ALJ's dismissal for a claimant's failure to appear at an administrative hearing is not a "final decision" under 42 U.S.C. § 405(g) and, thus, is not subject to judicial review. *See Brandyburg,* 959 F.2d at 560. Accordingly, if an ALJ dismisses a hearing request for a claimant's failure to appear at the hearing or for his failure to show good cause why he failed to appear, the District Court is deprived of jurisdiction to provide judicial review of the claimant's case. *See id.* at 561.

The undisputed evidence in this case shows that on February 3, 2000, the Commissioner sent Plaintiff a letter advising him about the hearing process, informing him of his right to representation, and enclosing a list of organizations that could assist him in obtaining counsel. (Tr. at 21-26.) On January 18, 2001, the Commissioner sent Plaintiff a "Notice of Hearing," telling him that his hearing was scheduled for February 28, 2001 and advising him to call a certain number immediately if he could not come to the hearing. (*Id.* at 27-29.) Plaintiff failed to call and did not attend the hearing. (*Id.*) Then the Commissioner sent him a "Notice to Show Cause for Failure to Appear," dated March 1, 2001. (*Id.* at 30.) The notice stated that if Plaintiff did not show good cause for his failure to appear, the ALJ would dismiss his request for hearing. (*Id.*)

On April 21, 2001, Perry L. Rowell, an agent for the Commissioner, made a courtesy call to Plaintiff. (*Id.* at 31.) Plaintiff answered the phone, and the agent informed him that he failed to appear at his hearing on February 28, 2001, and did not respond to the show cause letter sent to him on March 1, 2001. (*Id.*) Plaintiff stated that he had been in the hospital on February 28, 2001, and had just found the show cause letter in a stack of mail. (*Id.*) Mr. Rowell informed Plaintiff that he

---

for benefits, ... where [the claimant makes] a colorable showing that [his] injury could not be remedied by the retroactive payment of benefits after exhaustion of [his] administrative remedies." *Id.* A colorable constitutional claim also warrants judicial excusal of exhaustion. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977). None of these exceptions is present in this case.

needed to respond to the show cause letter by April 27, 2001, or the ALJ would dismiss his case. (*Id*.) Plaintiff stated that he would comply. (*Id*.) Nevertheless, Plaintiff failed to comply, and on April 27, 2001, the ALJ dismissed Plaintiff's request for hearing. (*Id*. at 17-20.) Two and one-half years later, on October 26, 2004, Plaintiff filed a "Request for Reconsideration." (*Id*. at 7.) The reconsideration request was dismissed on November 10, 2004, on the basis of *res judicata*. (*Id* at 6.)

Plaintiff failed to fully exhaust his administrative remedies when he failed to appear at his administrative hearing and then failed to show cause why he did not appear. He did not obtain a "final decision" of the Commissioner and, consequently, judicial review of his case is foreclosed. *See Brandyburg*, 959 F.2d at 560. Dismissal with prejudice is required because further consideration at the administrative level is barred by *res judicata*, as demonstrated by the November 10, 2004 dismissal. Plaintiff does not raise a constitutional issue or any issue that would allow judicial review of this matter. *See Califano*, 430 U.S. at 107-09. The Court lacks subject matter jurisdiction in this proceeding. Accordingly, this case must be dismissed with prejudice. *See* 42 U.S.C. § 405(g)

## IV.    RECOMMENDATION

The Court recommends that the Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED and that Plaintiff's case be DISMISSED with prejudice for lack of jurisdiction.

SO RECOMMENDED.  September 27, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE